IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-1002 –MJR- SCW |
| | ) | |
| JIMMY DEAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 53), recommending that the motion for summary judgment (Doc. 38) for failure to exhaust administrative remedies filed by Defendant Jimmy Dean be granted. The Report and Recommendation was entered on August 6, 2013. Plaintiff filed an objection on September 12, 2013 (Doc. 58).

Plaintiff James Harris filed this § 1983 suit against Jimmy Dean, alleging that Defendant Dean was deliberately indifferent to his serious medical needs when Plaintiff was vomiting blood in his cell due to an ulcer and ruptured artery. Specifically, Plaintiff alleges Defendant Dean delayed his transfer to the health care unit.

Defendant Dean filed a motion for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Doc. 23). Specifically, Defendant Dean asserts that Plaintiff did not fully exhaust his grievances because he submitted grievances to the ARB without attaching the counselor's response, grievance officer's report, and the Chief Administrative Officer's response. Plaintiff filed a response to this motion, arguing that he tried to pursue his grievance, but neither his counsel, grievance officer, nor the Chief Administrative Officer ever responded (Doc. 53).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Williams held an evidentiary hearing on Defendants' motion on August 5, 2013. Following the *Pavey* hearing, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 53). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F.**

**Supp. at 788**.  In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'"  *Id.*, *quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.  However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, **474 U.S. 140 (1985)**.

At the *Pavey* hearing, Judge Williams heard testimony from two witnesses, Lori Oakley and David Hennrich, as well as Plaintiff.  Judge Williams ultimately concluded that Plaintiff received a response to his grievance in the form of a memo from the health care unit.  Thus, Plaintiff should have continued with the grievance process by forwarding the memo along with the grievance to the grievance officer.  Plaintiff received this memo in January 2012 and it indicated that Nursing Supervisor Angela Crain read his grievance and recommended a follow-up appointment.  Judge Williams found that, although this was not standard procedure, it was still clear that Plaintiff received a response to his grievance.  If Plaintiff was concerned about this response, he had ample opportunity to discuss this with his counselor.  Judge Williams noted that it appeared that Plaintiff was hiding this grievance, not for his own proof, but instead to play games with his counselor and to circumvent the grievance process.

In Plaintiff's objection, he re-asserts that he kept the grievance in order "to have

proof that [he] was telling the truth, not to play games with the Court…." (Doc. 58, p. 2). He also asserts that Menard C.C. "has played so many games against [him]." (*Id*.). Regardless of Plaintiff's motives, the facts demonstrate that Plaintiff received a response to his grievance. The document from the health care unit directly responded to his grievance and Plaintiff has acknowledged this much, when he expressed some curiosity as to why it came from the health care unit instead of his counselor. Nonetheless, Plaintiff never inquired any further. Instead of submitting his grievance along with the memo to the grievance officer, he chose to do nothing.

Plaintiff also alleges in his objection that Menard C.C. transferred him in retaliation for filing this lawsuit. While this could arguably support a Constitutional claim, it does not belong in this lawsuit. The Court has taken this information into consideration for purposes of the exhaustion issue only. Should Plaintiff decide to pursue this claim, he must file a new lawsuit. To the extent Plaintiff raises this point to express the idea that he was unable to keep copies of the memo due to being transferred; this argument carries little weight here. **See *Flornoy v. Schomig*, 152 Fed. Appx. 535, 538 (7th Cir. 2005) (Prisoner's transfer of prisoner from one prison to another within the state did not make administrative remedies unavailable).**

Thus, the Court finds that Defendant has fulfilled his burden of proof on the issue of exhaustion. **See *Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006) ("[E]xhaustion is an affirmative defense, and consequently the burden of proof is on the prison**

**officials.")**. Plaintiff failed to rebut Defendant's evidence that Plaintiff did not fully navigate the administrative procedure prior to bringing this action. Plaintiff did not follow the proper procedures when making this grievance, and failed to avail himself of the avenues that remained open to him before bringing this action. Therefore, Plaintiff failed to exhaust his administrative remedies.[1]

For these reasons, the Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 53). Defendant's motion for summary judgment based on failure to exhaust administrative remedies (Doc. 23) is **GRANTED**, and Plaintiff's claims against Defendant Dean are **DISMISSED** without prejudice. The Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

IT IS SO ORDERED.

DATED: September 23, 2013

s/Michael J. Reagan _____
MICHAEL J. REAGAN
United States District Judge

---

[1] At the end of Plaintiff's objection, he once again seeks appointment of counsel. For the reasons previously stated at Docs. 13 & 26, this request is **DENIED**. Nothing before the Court indicates Plaintiff's present inability to litigate on his own behalf. Plaintiff's objection responds to the issues addressed in a competent manner. As previously determined, the Court does not find it necessary to appoint counsel for the issue of exhaustion (*See* Doc. 26, p. 2-3).